WILLIAM HOWARD MARQUETTE, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 7216

October 30, 1975                    541 P.2d 1099

[Rehearing denied December 12, 1975]

*George H. Spizzirri,* Las Vegas, for Appellant.

*Robert List,* Attorney General, and *George E. Holt,* District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Upon the strength of the admitted killer's subsequently repudiated, extra-judicial accusation, which the court accepted as substantive evidence by virtue of NRS 51.035(2)(a), appellant stands convicted as a principal in the crime.[1] The only issue we need address is whether any substantial evidence corroborates the original accusation of appellant.

In his capacity as a paid private investigator, it appears that a number of days before her paramour was murdered, appellant and his client talked to his client's wife, urging her to return to the client, Frank Foss. At that time, appellant said such things as: "You had better think it over good. You had better think real hard about going back to Frank Foss for the good of yourself and everyone concerned." Appellant also helped restrain Mrs. Foss, when she attempted to depart while appellant and his client were talking to her. We have determined that, in light of the acknowledged nature of appellant's employment, and other facts of record, such conduct cannot be deemed to corroborate adequately the killer's original accusation of appellant. Taking appellant's conduct in context, we do not believe his statements may be construed as threats, evincing any involvement in the ultimate death of Mrs. Foss's friend.

We therefore find no "evidence which in itself, and without

---

[1]After agreeing to testify for the prosecution in exchange for the privilege of pleading guilty to second degree murder, and for the dismissal of related charges, the killer recanted his accusation of appellant at trial. The now incumbent District Attorney was not serving in that office when the bargain referred to was entered.

the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense." NRS 175.-291(1); cf. Eckert v. State, 91 Nev. 183, 533 P.2d 468 (1975).

The charge against appellant is hereby dismissed, and he is hereby discharged from custody, dismissal to be without prejudice to institution of other criminal proceedings against him. Austin v. State, 87 Nev. 578, 589, 491 P.2d 724, 731 (1971).